IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL HALL, #B-40832,   )
                          )
        Plaintiff,        )
                          )
vs.                       )   CASE NO. 10-cv-642-MJR
                          )
MICHAEL P. RANDLE, *et al.*, )
                          )
        Defendants        )

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Michael Hall, an inmate in the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, arising out of events that occurred while Plaintiff was housed in the Menard Correctional Center. Plaintiff is serving an 18-year sentence for home invasion. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A and shall dismiss this complaint.

**The Complaint**

Plaintiff alleges he had been unlawfully housed in a cell in what was formerly the Menard Correctional Center Psychiatric Unit, and that the cell conditions were inhumane. Plaintiff's cell lacked adequate ventilation, had a sewage backup exposing him to other inmates' human waste, was excessively hot, and had peeling paint that fell into Plaintiff's food and onto his face.

Plaintiff claims that Defendant Michael P. Randle (the former director of the Illinois Department of Corrections (IDOC)) visited the area of Plaintiff's cell on two occasions. During those visits, Plaintiff personally complained about the conditions to Defendant Randle, however, nothing was done about the problems.

Plaintiff seeks damages of $13 million and a transfer. The Court notes that the transfer

request is now moot, as Plaintiff was recently moved to the Pontiac Correctional Center.

**Discussion**

As has been noted in the order dismissing another of Plaintiff's many lawsuits in this Court,[1] Plaintiff's failure in this complaint to fully disclose his previously filed cases would alone be grounds for dismissal. The Court relies on a party's litigation history listed in his or her complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g), and thus there is a need for reliable information about prior litigation. As a result, where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court. *Hoskins v. Dart*, No. 10-1619, 2011 WL 167032 (7th Cir. Jan. 20, 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal). In this case, however, the Court finds it more appropriate to address the merits of the complaint.

In addition, the Court notes parenthetically that Plaintiff sent a letter to the clerk of the Court, referring to the undersigned by name and using profane language. (Doc. 11; Plaintiff's offensive letter was in response to the dismissal of another case, *Hall v. Taylor*, 11-cv-31-MJR) Any further correspondence from Plaintiff in that same vein will result in sanctions to vindicate the authority of the Court, including but not limited to dismissal of his cases with prejudice. *See*

---

[1] See Doc. 12 in *Hall v. Allsup*, 10-cv-643-MJR. The Plaintiff has filed four previous actions with this Court; two of which have survived threshold review (*Hall v. IDOC*, 10-cv-214-MJR-SCW and *Hall v. Thomas*, 10-cv-633-JPG-PMF). Two have been dismissed (*Hall v. Reynolds*, 10-cv-491-GPM (failure to comply with court order); *Hall v. Gardener*, 10-cv-539-GPM (failure to state a claim)). Notably, Plaintiff listed only *Hall v. IDOC*, 10-cv-214, in the "Previous Lawsuits" section of the instant complaint, and omitted any mention of the subsequent three actions. Plaintiff also neglected to disclose *Hall v. Brown*, 10-c-4315 (N.D. Ill, filed July 12, 2010), which was also pending at the time he filed the instant case.

*Kelly v. Null*, Civil Nos. 07-339-GPM, 08-322-GPM, 2009 WL 4065040, at *2-4 (S.D. Ill. Nov. 23, 2009); *see also Hall v. Taylor*, Civil No. 10-947-GPM, 2011 WL 663744, at *3 n.2 (S.D. Ill. Feb. 12, 2011) (where this Plaintiff was warned against using inappropriate language in his future communications with this Court). Displeasure with the Court's ruling should be addressed by appealing the Court's decision and not by engaging in contemptuous correspondence.

Moving on to consideration of the instant complaint, Plaintiff's allegations of inhumane conditions of his confinement are identical to those in Count 2 of Plaintiff's claim in one of his previously filed cases, *Hall v. Thomas*, 10-cv-633-JPG-PMF. Both the *Hall v. Thomas* complaint (Doc. 1 in 10-cv-633-JPG-PMF) and the instant complaint were signed by Plaintiff on the same day, August 15, 2010, and filed on the same day (August 19, 2010) in this Court. This Court completed its initial screening of *Hall v. Thomas* and referred that case to a magistrate judge for further proceedings on March 11, 2011. (Doc. 14 in 10-cv-633-JPG-PMF)

The only difference between the allegations in Count 2 of *Hall v. Thomas* and the instant complaint is that Plaintiff names different defendants in the two cases. However, this difference is critical. In *Hall v. Thomas*, Plaintiff alleged that three guards and one internal affairs officer were directly responsible for either placing him in the unsanitary cell, or refusing to move him or correct the bad conditions. On the other hand, in the case at bar, Plaintiff has sued the former director of the IDOC (Defendant Randle), along with the Menard warden (Defendant Gaetz) and assistant warden (Defendant Starks). None of these Defendants is alleged to have been responsible for placing Plaintiff in the offensive cell. In fact, Plaintiff makes no allegations whatsoever against Defendants Gaetz and Starks.

"The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held

individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) *(quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Thus, Plaintiff fails to state any claim against Defendants Gaetz, Starks, or Randle merely for having a supervisory role over other prison staff, including the defendants named in *Hall v. Thomas*, 10-cv-633-JPG-PMF.

Moreover, merely listing the names of Defendants Gaetz and Starks in the caption of his complaint, without including any allegations against these Defendants, is insufficient to state a claim against them. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene).

Finally, even though Plaintiff claims that he personally complained about the cell conditions to Defendant Randle during a site visit, such an encounter fails to establish any liability on the part of Defendant Randle. Plaintiff, like many other inmates, seems to think that any prison employee or official who knows (or should know) about his problems has a duty to fix those problems. That theory is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). As Chief Judge Easterbrook has stated,

Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to [results]. That can't be right. *See Durmer v. O'Carroll*, 991 F.2d 64 (3$^d$ Cir. 1993).

*Burks*, 555 F.3d at 595.

For the above reasons, Plaintiff's complaint must be dismissed for being frivolous and failing to state a claim upon which relief may be granted.

**Disposition**

**IT IS HEREBY ORDERED** that the complaint is frivolous and fails to state a claim upon which relief may be granted, and thus is **DISMISSED** with prejudice.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:** 4/1/2011

s/ MICHAEL J. REAGAN
U.S. District Judge
